# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**JOSEPH MANSON,**
                **Petitioner,**

**-vs-**                                                  **Case No. A-09-CA-673-SS**

**RICK THALER,**
                **Respondent.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, specifically Petitioner Joseph Manson ("Manson")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], and the Report and Recommendation of the Magistrate Judge [#5]. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be DISMISSED.

All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On October 1, 2009, the Magistrate Judge issued his report and recommendation that Manson's petition for writ of habeas corpus be dismissed as time-barred. Manson did not file written objections to the Magistrate Judge's report and recommendation, and thus the Court is not required to review the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."). Nevertheless, having reviewed the petition, the report and recommendation, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

## Background

According to Manson's petition, he is in custody pursuant to a judgment of the 331st Judicial District Court of Travis County, Texas in case number D-1-DC-06-904022. Pet. at 2. Manson was convicted of burglary of a habitation on April 21, 2006, and sentenced to 35 years. *Id.* Manson admits he did not appeal his conviction. *Id.* at 3. Manson also claims he did not file a state application for habeas corpus relief. *Id.* However, a review of his case reveals he has filed two state applications for habeas corpus relief challenging this conviction. The first was received by the Texas Court of Criminal Appeals on February 21, 2007 and was denied without written order on the trial court's findings without a hearing on March 21, 2007. *Ex parte Manson*, Case No. WR-66,510-03. The second was received by the Texas Court of Criminal Appeals on July 24, 2009 and was dismissed as successive on August 19, 2009. *Ex parte Manson*, Case No. WR-66,510-04.

Manson filed the instant petition on September 9, 2009, challenging his guilty plea on the grounds it was not made knowingly, intelligently, or voluntarily. Pet. at 7.

## Analysis

**I.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"]. Pub. L. No. 104-132, 110 Stat. 1214 (1996). The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, § 2244(d)(1) establishes a one-year limitation period for state prisoners to file federal habeas applications and, pursuant to § 2244(d)(2), the period during which a "properly filed" state habeas application regarding the same conviction and sentence is pending does not count toward that one-year period. *See id.*

**B.      Application to Petitioner**

The Court agrees with the Magistrate Judge that Manson's conviction became final, at the latest, on May 21, 2006, at the conclusion of the time during which he could have appealed his conviction. TEX. R. APP. P. 26.2(a). When Manson filed his state habeas petition on December 12, 2006, only 160 days remained of the one-year limitations period. Once the Texas Court of Criminal Appeals denied his writ on March 21, 2007, the limitations period began to run again and expired on August 28, 2007. Manson did not file his federal habeas petition until September 9, 2009, over two years after the limitation period expired. Manson's second state habeas petition did not toll the

limitation period because it was filed on June 22, 2009, nearly two years after the limitations period had already expired. Manson has not claimed any entitlement to equitable tolling.

The record does not reflect that any unconstitutional state action impeded Manson from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Manson has not shown he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## Conclusion

Accordingly, this Court finds Manson's petition for federal habeas corpus is time-barred under 28 U.S.C. § 2244(d).

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#5] is ACCEPTED.

IT IS FURTHER ORDERED that Petitioner Joseph Manson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED as time-barred.

SIGNED this the 30th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE